```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       SOUTHERN DIVISION
```

**KENNY FRANKLIN EDMONSON**                                      **PETITIONER**

VERSUS                                        CRIMINAL NO.3:01-cr-27-WHB
                                        CIVIL ACTION NO. 3:07-cv-150-WHB

UNITED STATES OF AMERICA                                          RESPONDENT

## ORDER OF TRANSFER PURSUANT TO 28 U.S.C. § 1631

This cause is before the Court, *sua sponte*.

Petitioner was found guilty of Access Device Fraud in violation of 18 U.S.C. § 1029(a)(2) in November of 2001, and was sentenced to an eighteen-month term of imprisonment, to be followed by three years of supervised release. Both the conviction and sentence were affirmed on February 18, 2003. On June 23, 2005, Petitioner was found to have violated the terms of his supervised release and was sentenced to an additional fourteen-month term of imprisonment, to be followed by twenty-two months of supervised release. The sentence and revocation were affirmed on March 21, 2006.

Petitioner previously filed for habeas relief under 28 U.S.C. § 2255 in a case styled <u>Edmonson v. United States</u>, 3:04-cv-935. This Court denied Petitioner's motion for relief on January 27, 2005, and a Final Judgment dismissing the habeas petition with prejudice was entered that day. On March 15, 2007, Petitioner filed a second Motion in this Court under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, docketed as Civil Action No. 3:07-cv-150, again challenging his conviction and sentence.

In order to file a second 28 U.S.C. § 2255 motion, the "motion must be certified" by a United States Court of Appeals. 28 U.S.C. § 2255. Therefore, "[b]efore a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id. Petitioner has failed to submit any documentation demonstrating that he has obtained the required authorization from the appellate court to proceed with his second Motion under § 2255 in this Court. Accordingly, the Court finds that this cause should be transferred to the United States Court of Appeals for the Fifth Circuit for a determination on whether this successive petition should be allowed. See In Re Epps, 127 F.3d 364 (5th Cir. 1997).

For the foregoing reason:

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1631, this petition for habeas corpus relief is transferred to the United States Court of Appeals for the Fifth Circuit.

IT IS FURTHER ORDERED that the Clerk of this Court is directed to close this case pending the decision of the United States Court of Appeals for the Fifth Circuit.

SO ORDERED this the 30th day of March, 2007.

                                       s/ William H. Barbour, Jr.
                                       UNITED STATES DISTRICT JUDGE